UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Matthew Fissel
KML Law Group, PC
701 Market Street, Suite 5000
Philadelphia, PA 19106
Huntington National Bank

In Re:
        Brent David Mitzak

Order Filed on April 14, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No:        26-10735 CMG

Hearing Date: 4/14/2026 @ 10am

Judge:  Christine M. Gravelle

| Recommend Local Form | X Followed | ☐ Modified |
|---|---|---|

# ORDER GRANTING MOTION FOR RELIEF

The relief set forth on the following page is hereby **ORDERED**.

**DATED: April 14, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

Upon the motion of <u>Huntington National Bank</u>, under Bankruptcy Code section 362(a) for relief from the automatic stay as to certain property as hereinafter set forth, and for cause shown, it is

ORDERED that the automatic stay is vacated to permit the movant to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue the movant's rights in the following:

■   Real Property More Fully Described as:

**Land and premises commonly known as Lot , Block ,   201 Parker Road, Bloomsbury NJ 08804**

It is further ORDERED that the movant, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the property at sheriff's sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

☐   Personal Property More Fully Described as:

It is further ORDERED that the movant may join the debtor and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

It is further ORDERED that the movant shall be permitted to reasonably communicate with Debtor(s) and Debtor(s)' counsel to the extent necessary to comply with applicable nonbankruptcy law.

It is further ORDERED that the Trustee is directed to cease making any further distributions to the Creditor.

The movant shall serve this order on the debtor, any trustee and any other party who entered an appearance on the motion.

*rev. 11/14/2023*